UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TOWAKI KOMATSU,

                              Plaintiff,

              -against-

THE CITY OF NEW YORK, et al.,

                              Defendants.

22-CV-0424 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this action *pro se*. He asserts claims for violations of his rights under the First and Fourth Amendments to the United States Constitution, as well as claims arising under state law. Plaintiff alleges that, on July 25, 2017, Defendants seized him and violated his right to free speech during then-Mayor Bill de Blasio's press conference in a subway station.

By order dated January 21, 2022, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 30 days of the date of this order.

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see* Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," Triestman v. Fed. Bureau of Prisons, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff Towaki Komatsu has brought numerous actions, including many alleging that he was unlawfully excluded from participating in public meetings in the City of New York. *See, e.g., Komatsu v. The City of New York*, ECF 1:20-CV-07046 (S.D.N.Y.) (lead case of nine related actions bringing claims for exclusion from public meetings). Since December 20, 2020, Plaintiff has been subject to a prefiling injunction requiring him to seek permission to file "any new action in this Court against the City of New York, city officials, and members of the NYPD regarding their alleged involvement in preventing him from attending public meetings with the Mayor." *Id.* (ECF 45).[1]

> On January 3, 2022, Plaintiff wrote a letter requesting leave to bring a new action:
>
> I'm currently preparing a new federal civil action that is about illegal acts and omissions that were committed against me on 8/19/21 inside of the Union Square subway station by members of the NYPD while Bill de Blasio, his NYPD security detail were not present, and members of the New York City Council were not present. However, the illegal acts that were committed against me then relate back to and amplify illegal acts that Defendant Redmond and other members of the NYPD and members of the Mayor's staff committed against me on 7/25/17 inside of a subway station near New York City Hall. . . . As a result, equitable tolling applies to claims that I have about what transpired in the subway stations on 7/25/17 and in January of 2019[2] due to the continuing violation doctrine.

*Komatsu*, No. 1:20-CV-07046 (ECF 289).

---

[1] The filing restriction states the following: "If the Court grants Plaintiff permission to file a new action, the complaint in that new action must not exceed 25 pages." *Komatsu*, 1:20-CV-07046, 45.

[2] Although Plaintiff's request for leave to file argues that events arising in January 2019, toll the limitations period for his 2017 claims, in his complaint, he argues that events in March 2019 – not January 2019 – toll the limitations period. (ECF 2 at 11) ("On 3/21/19, NYPD Officer Ryan Dwyer was a member of the NYPD security detail for Mr. de Blasio when he illegally tried to prevent me from lawfully boarding an uptown subway train that Mr. de Blasio and news

Plaintiff received the following response to his request:

The Court's filing restrictions do not prevent him from filing new actions that are not related to allegations that City officials have restricted his speech at public meetings. *See* Doc. 45. Therefore, *he is granted leave to include his claims* about incidents on July 25, 2017 and January of 2019 in his new action, which requests relief concerning allegedly illegal acts and omissions that City officials committed against him inside of subway stations, *to the extent these topics fall outside the scope of this Court's leave to file order*. The Court does not address the merits of Komatsu's argument regarding equitable tolling and the continuing violation doctrine. It is SO ORDERED.

(ECF 289) (Memo Endorsement) (emphasis added).[3]

Plaintiff thus was granted leave to bring a new action to the extent his claims did not relate to allegations that City officials have "restricted his speech at public meetings" (*id.*) or "prevented him from attending public meetings with the Mayor." *Komatsu*, No. 1:20-CV-07046 (ECF 45).

On January 17, 2022, Plaintiff filed this 251-page complaint. (ECF 2.) The complaint is titled "Complaint: (About 7/25/17 City Hall subway station claims)." (*Id.* at 1.) Plaintiff has a table of contents, which makes clear that at least 40 pages of the complaint are "background" information about Plaintiff's allegations that City officials have restricted speech at public meetings, including the following subheadings:

- My 6/14/17 testimony to the New York City Council in New York City Hall against the NYPD

---

censors boarded inside of the Brooklyn Bridge subway station. . . . Those clearly were continuing violations against me in a subway station by members of the NYPD security detail for Mr. de Blasio against me that cause equitable tolling to apply and toll the statutes of limitations for my claims in this case. Mr. Dwyer also illegally again initiated physical contact with me on 1/3/20 at City Hall near its entrance by Broadway while I was there to attend a public hearing inside of City Hall.").

[3] Plaintiff has also been ordered to show cause why additional sanctions (including an order barring him from filing any action pro se, or in the alternative, any action *in forma pauperis*), should not be imposed. *Komatsu*, ECF 1:20-CV-07046, 294. That matter is set to be heard on January 28, 2022. *Id.* (ECF 298.)

- 6/15/17 whistleblowing by me to news censors partly against members of the NYPD in response to illegal acts and omissions by them against me in public places in relation to public meetings
- Illegal acts on 6/21/17 by members of the NYPD to block members of the public from communicating information during a town hall meeting

  . . .

- Members of the NYPD illegally prevented me from attending the public town hall meeting in the room in which it was held that members of the public held on 7/12/17 in the Bronx with Bill de Blasio and others after I RSVP-ed for it advance

- Mr. Redmond's 7/19/17 acts to block labor rights activists from lawfully communicating information during a town hall meeting I attended

(*Id.* at 2.)

The gravamen of Plaintiff's claim about the July 25, 2017 incident in the New York City Hall subway station seems to be that (1) then-Mayor Bill de Blasio "illegally drowned out much of [Plaintiff's] speech, in violation of [Plaintiff's] First Amendment rights . . . by using a microphone" (*Id.* at 207), and (2) police officers seized Plaintiff in violation of the Fourth Amendment (*id.* at 211).

Plaintiff brings suit against the City of New York, former Mayor Bill de Blasio, and other New York City employees (including employees of the New York City Police Department (NYPD), the Civilian Complaint Review Board (CCRB), a former Deputy Press Secretary, and other Mayor's Office employees). Plaintiff seeks damages and injunctive relief. His prayer for injunctive relief totals 20 pages and includes, for example, requests that all defendants be fired from their current employment and barred from any employment for the State of New York or the United States; that the Court issue a declaration "that it's patently stupid and disruptive to people who use the subway system in New York City for government personnel to conduct publicity stunts and press events inside of subway stations"; and a declaration that specified

members of the press "cannot be relied upon by whistleblowers to investigate and report news

shared by whistleblowers . . . ." (*Id.* at 231-251.)

## DISCUSSION

### A.    Short and Plain Statement

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and

plain statement showing that the pleader is entitled to relief. The Supreme Court has held that

under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible

on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"When a complaint does not comply with the requirement that it be short and plain, the

court has the power, on its own initiative or in response to a motion by the defendant, to strike

any portions that are redundant or immaterial . . . or to dismiss the complaint." *Salahuddin v.

Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (citing Fed. R. Civ. P. 12(f)); *see also Shomo v. State of

N.Y.*, 374 F. App'x 180, 182 (2d Cir. 2010) (unpublished opinion) (holding that where a

complaint "contain[ed] a surfeit of detail . . . the district court was within bounds of discretion to

strike or dismiss the complaint for noncompliance with Rule 8").

Here, Plaintiff's 251-page complaint does not provide a short and plain statement of his

claim. It is replete with irrelevant and confusing allegations, and his inclusion of allegations

about many different incidents, for which he has already filed separate suits, makes it difficult to

understand his claims. Plaintiff's complaint does not comply with Rule 8, and it therefore fails to

state a claim on which relief can be granted.

Moreover, although Plaintiff was granted leave to bring this action only to the extent his

claims "fall outside the scope of [the] leave to file order," *Komatsu*, No. 1:20-CV-07046 (ECF

45), Plaintiff's complaint includes dozens of pages detailing matters that fall within the bar order.

**B.    Leave to Amend**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because it is not clear that it would be futile for Plaintiff to replead his complaint to include a short and plain statement of his claim arising from the incident on July 25, 2017, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims.

The Court notes, however, that Plaintiff's federal claims, which arise under 42 U.S.C. § 1983, appear to be time-barred. The statute of limitations for section 1983 claims is found in the "general or residual [state] statute [of limitations] for personal injury actions." *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens*, 488 U.S.at 249-50. In New York, that period is three years. *See* N.Y. C.P.L.R. § 214(5). Section 1983 claims generally accrue when a plaintiff knows or has reason to know of the injury that is the basis of the claim. *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013).

Plaintiff alleges that at the New York City Hall subway station on July 25, 2017, then-Mayor Bill de Blasio "illegally drowned out much of [Plaintiff's] speech, in violation of [Plaintiff's] First Amendment rights . . . by using a microphone" (ECF 2 at 207), and police officers seized Plaintiff in violation of the Fourth Amendment (*id.* at 211.) Plaintiff knew of the alleged violations of his rights on the same day that they occurred, that is, on July 25, 2017, and his claims accrued on that date. It therefore appears that when Plaintiff filed this action on January 17, 2022, or even when he sought leave to file it on January 3, 2022, his section 1983 claims were already barred by the three-year limitations period.

The doctrine of equitable tolling permits a court, "under compelling circumstances, [to] make narrow exceptions to the statute of limitations in order 'to prevent inequity.'" *In re U.S. Lines, Inc.*, 318 F.3d 432, 436 (2d Cir. 2003) (citation omitted). The statute of limitations may be equitably tolled, for example, when a defendant fraudulently conceals from a plaintiff the fact that the plaintiff has a cause of action, or when the plaintiff is induced by the defendant to forego a lawsuit until the statute of limitations has expired. *See Pearl*, 296 F.3d at 82-83. In addition, New York law provides that where a person "is under a disability because of . . . insanity at the time the cause of action accrues," the applicable statute of limitations will be tolled.[4] N.Y. C.P.L.R. § 208.

Plaintiff appears to have anticipated problems with the timeliness of this action because he includes arguments about why it should not be deemed untimely. Plaintiff argues that on May 25, 2021, members of the New York City Police Department (NYPD) and then-Mayor Bill de Blasio's "security detail," prevented him from moving freely on the sidewalk in Harlem, New York. (ECF 2 at 14.) He further alleges that some of these individuals present in Harlem were the same individuals present during the July 25, 2017 incident that is at issue in this suit. He argues that the "5/25/21 continuing violations also warrant equitable tolling of the statutes of limitations that apply to my 7/25/17 claims that this complaint concerns." (*Id.*)

The continuing violation doctrine applies to claims "composed of . . . separate acts that collectively constitute one unlawful [ ] practice." *Gonzalez v. Hasty*, 802 F.3d 212, 220 (2d Cir. 2015) (citing *Washington v. Cty. of Rockland*, 373 F.3d 310, 318 (2d Cir. 2004)). Thus, it applies

---

[4] New York also provides by statute for other circumstances in which a limitations period may be tolled. *See, e.g.,* N.Y. C.P.L.R. § 204(a) (where commencement of an action has been stayed by court order), *id.* at § 204 (where a dispute has been submitted to arbitration but is ultimately determined to be non-arbitrable), *id.* at § 207(3) (defendant is outside New York at the time the claim accrues), *id.* at § 210 (death of plaintiff or defendant).

to claims "that by their nature accrue only after the plaintiff has been subjected to some threshold amount of mistreatment." *Id.* (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114-15 (2002)). For example, the continuing violation doctrine applies to hostile work environment claims, in which a discrete act of harassment may not be actionable, and the claim accrues "only after the plaintiff had been subjected to some threshold amount of workplace abuse." *Gonzalez*, 802 F.3d at 220. The continuing violation doctrine does not apply "to discrete unlawful acts, even where those discrete acts are part of a "serial violation."" *Id.* (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 111 (2002)).

Here, Plaintiff's allegations that Defendants violated his constitutional rights on July 25, 2017, involve a discrete act. Plaintiff's claims, if any, were cognizable on the date they occurred. Plaintiff's allegations that this is part of a series of incidents, in which the same police officers or other individuals were present on various dates when Plaintiff attempted to speak during the Mayor's events or to approach the Mayor, do not show that this is a "continuing violation" rather than a "discrete unlawful act[ ]." *Gonzalez*, 802 F.3d at 220

Plaintiff also argues that equitable tolling applies because, in *Komatsu v. City of New York*, ECF 1:18-CV-3698 (LGS) (GWG) (S.D.N.Y.), he was denied leave to bring these claims.[5] In *Komatsu*, No. 18-CV-3698, Plaintiff filed a proposed third amended complaint (TAC), which included the July 25, 2017 claims at issue in this matter, on July 17, 2020, a few days before the limitations period for the 2017 claims would expire. The district court denied leave to file the TAC on July 28, 2020, and held that the second amended complaint would proceed as the operative complaint in that matter. (ECF 405).

---

[5] Plaintiff asserts that "Judge Gorenstein illegally and pretextually subjected me to First Amendment retaliation by rejecting the complaint that I filed in that case on 7/20/20 that contained my 7/25/17 claims in this case." (ECF 2 at 15-16.)

Nearly 18 months later, on January 3, 2022, Plaintiff sought leave (under the prefiling injunction against him) to bring this action, and he filed this action on January 17, 2022. Even if his attempt to add these claims to his suit under docket number 1:18-CV-3698  provided some basis to equitably toll the limitations period from July 17, 2020 until July 28, 2020, while Plaintiff's request to file the proposed TAC with these claims was pending, Plaintiff's claims would still be untimely.

A plaintiff is generally not required to plead that a case is timely filed, and the failure to file an action within the limitations period is an affirmative defense. *See Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). Dismissal is appropriate, however, where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading. *See Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) ("[D]istrict courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted.") (internal quotation marks and citation omitted); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal of complaint as frivolous on statute of limitations grounds). District courts should grant notice and opportunity to be heard before dismissing a complaint *sua sponte* on statute of limitations grounds. *See Abbas*, 480 F.3d at 640.

If Plaintiff chooses to file an amended complaint to provide a short and plain statement of his claims arising on July 25, 2017, he must also include any facts showing why the complaint should not be dismissed as time-barred. Plaintiff may include any facts showing that the Court should apply the doctrine of equitable tolling. The amended complaint must nonetheless comply with the overall requirement that it be short and plain.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within thirty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 22-CV-0424 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   February 1, 2022
         New York, New York

                              /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                              Chief United States District Judge

10

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____

(Include case number if one has been assigned)

## AMENDED

## COMPLAINT

Do you want a jury trial?
☐ Yes     ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____, is a citizen of the State of
           (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
(Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____

First Name              Middle Initial        Last Name

_____

Street Address

_____

County, City                    State              Zip Code

_____

Telephone Number          Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                                Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                    Zip Code

Defendant 2:

First Name                                Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                    Zip Code

Defendant 3:

First Name                                Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                    Zip Code

Defendant 4:

_____

First Name                        Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                        State                Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

### FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Page 5

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
|---|---|

| First Name | Middle Initial | Last Name |
|---|---|---|

Street Address

| County, City | State | Zip Code |
|---|---|---|

| Telephone Number | Email Address (if available) |
|---|---|

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.