UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TOWAKI KOMATSU,

               Plaintiff,

-against-

THE CITY OF NEW YORK; HECTOR ROSADO;
JAMES O'NEILL; HOWARD REDMOND;
NYPD DETECTIVE CHRISTOPHER FOWLER;
MARCO CARRION; AUSTIN FINAN;
GABRIELLE DANN-ALLEL; JIM DOE 7/25/17;
NYPD OFFICER HARISH MANSHARAMANI;
NYPD GILOT LEMORIN; JOHN DOE 3; KELLY
BRYANT; JOHN DOE 2; JESSE SENDROFF;
PAUL BRISCO; JUDITH LE; JONATHAN
DARCHE; BILL DE BLASIO,

               Defendants.

22-CV-0424 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is proceeding *pro se* and *in forma pauperis*, brings this action asserting claims that Defendants violated his rights on July 25, 2017, during then-Mayor Bill de Blasio's press conference. Twice, the Court has directed Plaintiff to amend his complaint to address deficiencies in his original pleading, including to plead any facts demonstrating why the claims should not be dismissed as time-barred. Plaintiff filed the operative amended complaint on September 20, 2022. (ECF 31.)

      Plaintiff has also filed numerous letters, including a letter asking that I recuse myself from this action for having allowed District Judge Edgardo Ramos and others, allegedly, to violate federal criminal law (ECF 33); a letter about the activities of current New York City Mayor Eric Adams (ECF 34); letters making profane and disparaging remarks about me and District Judges Ramos, Schofield, and Caproni, who have presided, or are presiding, over his other suits (ECF 35-36); a letter alleging that the United States Marshals Service has violated

federal criminal law (ECF 36); and a letter seeking to enjoin a 2022 Mayoral policy (regarding involuntary hospitalization of persons deemed emotionally disturbed) that is wholly unrelated to this suit (ECF 37).

For the reasons set forth below, the action is dismissed, and the relief that Plaintiff seeks in his letters is denied.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff Towaki Komatsu has brought numerous actions, most of which involve allegations that he was unlawfully excluded from participating in public meetings of the City of New York. *See, e.g., Komatsu v. The City of New York*, ECF 1:20-CV-07046 (ER) (S.D.N.Y.)

(noting that "Komatsu's complaints raise approximately 200 claims against 125 defendants, spread across 1,713 pages of meandering and combative text," granting motion to dismiss with leave to replead, and warning Komatsu to "immediately cease making personal attacks . . . whether against the Court, other judges, or other parties or counsel in this case") (ECF 183 at 12), *lv denied*, 22-1996 (2d Cir. Dec. 22, 2022) (denying leave to appeal, based on leave-to file sanction,"because the appeals do not depart from Petitioner's 'prior pattern of vexatious filings.'"));[1] *Komatsu v. The City of New York*, ECF 1:18-CV-03698 (LGS) (GWG) (S.D.N.Y. Sept. 27, 2021) (ECF 627) (order involuntarily dismissing suit due to Plaintiff's vexatious conduct, including his use of "foul or degrading language in his court filings in reference to judges and others," despite orders to desist doing so; his repetitive voluminous and irrelevant filings; his violation of confidentiality orders; and his failure to comply with his discovery obligations), *aff'd*, 21-2479 (2d Cir. Mar. 1, 2022) ("[T]he appeal is DISMISSED because it 'lacks an arguable basis either in law or in fact.' *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).").

Since December 20, 2020, Plaintiff has been subject to a prefiling injunction requiring him to seek permission to file "any new action in this Court against the City of New York, city officials, and members of the NYPD regarding their alleged involvement in preventing him from attending public meetings with the Mayor." *Komatsu,* ECF 1:20-CV-07046 (ER) (ECF 45). On January 3, 2022, Plaintiff wrote a letter requesting leave to bring this new action, and Judge Ramos granted Plaintiff leave to do so, but only insofar as the claims were not within the scope of the bar order. (ECF 289.)

---

[1] Plaintiff was ordered in *Komatsu*, 20-CV-07046 (ER), to show cause why he should not face additional sanctions (including being barred from filing any new action *in forma pauperis*). That matter has been briefed but to date is unresolved.

On January 17, 2022, Plaintiff filed his original complaint in this action. By order dated February 1, 2022, the Court held that (1) Plaintiff's 251-page complaint did not comply with Rule 8 and included myriad unauthorized claims (about restrictions on his speech at public meetings) that were within the scope of the bar order; and (2) his claims arising on July 25, 2017, were time-barred unless there was a basis for tolling. The Court granted Plaintiff leave to file an amended complaint, which Plaintiff eventually filed after seeking extensions of time to do so and making numerous other submissions.

By order dated August 15, 2022, the Court concluded that Plaintiff's amended complaint was wholly nonresponsive to the Court's order because it consisted of claims that were new and different from those in his original complaint regarding events on July 25, 2017. The Court struck the amended complaint and granted Plaintiff another opportunity to amend to comply with instructions set forth in the February 1, 2022 order.

Plaintiff then requested an extension of time, which was granted, and on September 20, 2022, he filed the operative amended complaint. (ECF 31.) Plaintiff alleges that, during Mayor Bill de Blasio's press conference on July 25, 2017, Plaintiff "projected [his] voice with just [his] lungs because Mr. de Blasio was illegally using a microphone at the same time that [Plaintiff] had to compete against along with noise from subway trains in order to be heard as a speaker." (*Id.* at 166). Plaintiff further alleges that Defendant Redmond of the New York City Police Department deliberately made "physical contact with" Plaintiff's arm and eventually released him to John Doe 3 with instructions to escort Plaintiff from the subway station. Mr. Redmond "told the CCRB that he seized [Plaintiff] on 7/25/17 inside of the City Hall subway station because of how loudly [Plaintiff] expressed [him]self during the" press conference. (*Id.* at 143.)

4

Plaintiff was warned that he could be arrested if he returned to disrupt the press conference. (*Id.* at 165-66.)

Plaintiff also seems to bring a claim of selective enforcement on the ground that other hecklers, who briefly interrupted by yelling, "Sandinista," and "Fix the trains," were not ejected from the press conference. Plaintiff asserts claims for violations of his rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution, and he also invokes "18 U.S.C. § 245(b)(5), NYPL §240.26, and NYPL §195.00." (*Id.* at 166.)

## DISCUSSION

### A. Motion for recusal

Plaintiff seeks my recusal from this action. A judge is required to recuse herself from "any proceeding in which h[er] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Recusal is warranted if "an objective, disinterested observer fully informed of the underlying facts . . . [would] entertain significant doubt that justice would be done absent recusal." *United States v. Yousef*, 327 F.3d 56, 169 (2d Cir. 2003) (internal quotation marks and citation omitted).

The showing of personal bias to warrant recusal must ordinarily be based on "extrajudicial conduct . . . not conduct which arises in a judicial context." *Lewis v. Tuscan Dairy Farms, Inc.*, 25 F.3d 1138, 1141 (2d Cir. 1994) (internal quotation marks and citation omitted). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994) (citation omitted). Moreover, because recusal "necessarily results in a waste of the judicial resources which have already been invested in the proceeding," *In re Int'l Business Machines Corp.*, 618 F.2d 923, 933 (2d Cir. 1980), a judge is "as much obliged not to recuse [her]self when it is not called for as [s]he is obligated to when it is," *In re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988).

Plaintiff contends that, in violation of 18 U.S.C. § 1509, I have illegally allowed District Judge Ramos, court security officers, and deputies of the United States Marshal Service to violate court orders. (ECF 33 at 1.) He alleges, for example, that on May 24, 2022, a court security officer "illegally dropped a USB thumb drive" belonging to Plaintiff on the ground. Moreover, he further alleges that, on June 29, 2021, a court security officer "and USMS personnel engaged in criminal obstruction of justice . . . by enraging" Plaintiff. (*Id.* at 3.) Plaintiff contends that my rulings, like those of former Chief Judge Colleen McMahon, have "fraudulently ignored" illegal activity by district judges and others.

Plaintiff does not point to any extrajudicial conduct warranting my recusal. His allegations do not provide any basis for my recusal from this action, and it would constitute a waste of the judicial resources already invested in this proceeding to do so. Plaintiff's motion for my recusal (ECF 33) is therefore denied.

**B.    Prefiling bar**

The prefiling injunction issued on December 20, 2020, in *Komatsu*, No. 1:20-CV-07046, requires Plaintiff to seek permission to file "any new action in this Court against the City of New York, city officials, and members of the NYPD regarding their alleged involvement in preventing him from attending public meetings with the Mayor." (ECF 45). The Court articulated a slightly different formulation of the prefiling bar in its memo endorsement responding to Plaintiff's letter seeking leave to bring this action. Plaintiff's January 3, 2022, letter requesting leave to bring this action states:

> I'm currently preparing a new federal civil action that is about illegal acts and omissions that were committed against me on 8/19/21 inside of the Union Square subway station by members of the NYPD while Bill de Blasio, his NYPD security detail were not present, and members of the New York City Council were not present. However, the illegal acts that were committed against me then relate back to and amplify illegal acts that Defendant Redmond and other members of the NYPD and members of the Mayor's staff committed against me on 7/25/17 inside

6

> of a subway station near New York City Hall. . . . As a result, equitable tolling applies to claims that I have about what transpired in the subway stations on 7/25/17 and in January of 2019[2] due to the continuing violation doctrine.

*Komatsu*, No. 1:20-CV-07046 (ECF 289).

By order dated January 3, 2022, Judge Ramos granted, in part, the request:

> The Court's filing restrictions do not prevent him from filing new actions that are not related to allegations that City officials have restricted his speech at public meetings. *See* Doc. 45. Therefore, *he is granted leave to include his claims* about incidents on July 25, 2017 and January of 2019 in his new action, which requests relief concerning allegedly illegal acts and omissions that City officials committed against him inside of subway stations, *to the extent these topics fall outside the scope of this Court's leave to file order*. The Court does not address the merits of Komatsu's argument regarding equitable tolling and the continuing violation doctrine. It is SO ORDERED.

(ECF 289) (Memo Endorsement) (emphasis added).

Judge Ramos did not grant Plaintiff leave to bring claims within the scope of the bar order. Plaintiff was granted leave to bring a new action regarding incidents on July 25, 2017, only if the new action asserted claims that did not involve allegations that "City officials have restricted his speech at public meetings" (*id.*) and were therefore outside the scope of the bar. The operative complaint includes allegations that (1) members of the NYPD escorted Plaintiff out of the July 25, 2017 press conference; (2) other hecklers were not required to leave; and (3) Mayor de Blasio violated Plaintiff's First Amendment rights by drowning out Plaintiff's speech. Plaintiff's allegations that he was required to leave the press conference and that Mayor de Blasio interfered with his speech constitute claims within the scope of the bar. As such,

---

[2] Although Plaintiff's leave request indicates that he would argue for tolling of the limitations period for his July 2017 claim based on a January 2019 incident, his initial complaint referenced an event in March 2019 – not January 2019. The operative complaint does not assert a claim arising in January 2019 either.

7

Plaintiff cannot bring these claims consistent with the limited authorization that he was granted to bring claims arising on July 25, 2017 that are outside the scope of that bar.

The Court thus concludes that the operative complaint is barred by the December 20, 2020 injunction against such new actions, and is not authorized by Judge Ramos's memo-endorsement.[3] The Court nevertheless addresses below the substance of Plaintiff's claims.

### C. Rule 8 of the Federal Rules of Civil Procedure

As set forth above, Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct.

In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Here, Plaintiff's operative complaint (ECF 31) suffers numerous deficiencies. The principal defect is that Plaintiff weaves numerous claims that he has previously brought, or is

---

[3] Insofar as Plaintiff includes many far-ranging allegations about incidents arising on dates other than July 25, 2017, involving public events with the Mayor and allegations about Plaintiff's other lawsuits, neither the Court's order to amend nor Judge Ramos's limited authorization granted Plaintiff leave to broaden the scope of this suit to include such matters, many of which have already been raised in current or prior suits.

currently pursuing in other actions, into this nearly 300-page complaint that is nominally about the July 25, 2017 incident in the subway station. Plaintiff's table of contents lists, for example, the following sections of his complaint:

1. Obstruction by Mr. Redmond, other City of New York personnel, and whistleblower news censors in journalism

2. Obstruction by judges and a court attorney in my HRA lawsuit

3. Obstruction by the NYPD and Bronx DA in relation to the NYPD's illegal and pretextual 12/26/17 kidnapping and arrest and of me

4. Obstruction by the NYPD and the New York City Transit Authority's Transit Adjudication Bureau in relation to the NYPD's illegal and pretextual 8/19/21 kidnapping and arrest and of me

5. Obstruction by U.S. District Judge Lorna Schofield, U.S. Magistrate Judge Gabriel Gorenstein, federal court security officers, the U.S. Marshals Service, and the U.S. Attorney's Office for the Southern District of New York.

(ECF 31 at 3.)

Plaintiff's voluminous complaint, which raises many unrelated issues, thus does not comport with the admonition in Rule 8 to provide a short and plain statement of the claim. This is the sort of pleading that leaves the defendant "forced to select the relevant material from a mass of verbiage." *Rodriguez v. Trs. of Columbia Univ. in the City of N.Y.*, No. 03-CV-4072 (TPG), 2006 WL 2521323, at *3 (S.D.N.Y. Aug. 30, 2006). Although Plaintiff draws on some of these other claims in a purported effort to show a "continuing violation" or pattern of similar conduct – arguments that the Court addresses below – the result of these sprawling allegations is that Plaintiff's complaint fails to comply with Rule 8 and thus fails to state a claim on which relief can be granted.

**D.      Timeliness**

As set forth in the Court's February 1, 2022, order to amend, Plaintiff's federal claims, which arise under 42 U.S.C. § 1983, appear to be time-barred. The statute of limitations for Section 1983 claims is found in the "general or residual [state] statute [of limitations] for personal injury actions." *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens*, 488 U.S. at 249-50. In New York, that period is three years. *See* N.Y. C.P.L.R. § 214(5). Section 1983 claims generally accrue when a plaintiff knows or has reason to know of the injury that is the basis of the claim. *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013).

Plaintiff alleges that his claims arose at the New York City Hall subway station on July 25, 2017 (ECF 31 at 1) and, because he knew of his injury when it happened, his claims accrued on the same date. Thus, Plaintiff's Section 1983 claims were already barred by the three-year limitations period on January 3, 2022, when he first sought permission from District Judge Ramos to file this suit.

Plaintiff's argument that equitable tolling should apply to the earlier period in which he attempted to bring these claims in his pending suit, *Komatsu*, No. 18-CV-3698 (LGS) (GWG), is unavailing. There, Plaintiff filed a proposed third amended complaint, which included the July 25, 2017 claims at issue in this matter, on July 17, 2020, a few days before the three-year limitations period for these claims expired. Shortly thereafter, on July 28, 2020, the district court denied Plaintiff leave to file the proposed complaint, and held that the second amended complaint would proceed as the operative complaint in that matter. (ECF 405). Even if tolling applied during the period that Plaintiff's proposed amended complaint that included this claim was pending in *Komatsu*, No. 18-CV-3698 (LGS) (GWG), it would be insufficient to render Plaintiff's claims timely.

Moreover, Plaintiff waited approximately 18 months after he was denied leave to add the July 25, 2017 claim to his suit in *Komatsu*, No. 18-CV-3698 (LGS) (GWG) before seeking leave from Judge Ramos to bring this new action. In the operative complaint, Plaintiff now argues the following to explain the late filing of this action:

> [I]t's completely the fault of Lorna, Gabriel and those who failed to properly supervise them for why I have had to resort to pursuing my 7/25/17 claims later than I indisputably and timely sought to . . . .

(ECF 31 at 145.)[4] These allegations are insufficient to suggest any basis for equitable tolling of the limitations period.

Finally, Plaintiff invokes the "continuing violation" doctrine in an effort to show that his July 25, 2017 claim is not time barred because defendants engaged in a pattern of conduct that included similar incidents on later dates. However, where "a plaintiff complains of a discrete act or series of discrete acts, each of which violates the law, the plaintiff has a separate claim for each act, and each act carries its own limitations period." *Gonzalez v. Hasty*, 802 F.3d 212, 223 (2d Cir. 2015). Plaintiff's argument that the July 25, 2017 incident was one of a series of such incidents does not alter the fact that each incident has its own limitations period. Plaintiff's arguments that he is "burned out" and lacks resources (ECF 31 at 145-46) are also insufficient to support tolling.

In sum, Plaintiff's Section 1983 claims arising on July 25, 2017, were already time-barred when he sought permission to bring this action in January 2022. Plaintiff has not pleaded facts suggesting that he is entitled to tolling of the three-year limitations period, in response to

---

[4] Plaintiff's prior suit, *Komatsu*, 18-CV-03698 (LGS) (GWG), was dismissed, in part, because he disregarded orders instructing him to "address any district judge or magistrate judge of this Court with a judicial title and not by the judge's first name." (ECF 583.) Plaintiff is thus well aware that his repeated references to judges by their first names, which he continues in the operative complaint and his letters, is disrespectful and inappropriate.

11

the Court's order granting him leave to do so.[5] Even if the prefiling injunction did not bar this suit, Plaintiff's Section 1983 claims must be dismissed for failure to state a claim on which relief can be granted.

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

**E.      Additional motions**

In addition to the letter seeking my recusal, Plaintiff has filed a letter about the activities of current New York City Mayor Eric Adams (ECF 34); letters making profane and disparaging remarks about me and District Judges Ramos, Schofield, and Caproni, who have presided, or are presiding, over his other suits (ECF 35-36); a letter alleging that the United States Marshals Service has violated federal criminal law (ECF 36); and a letter seeking to enjoin a 2022 Mayoral

---

[5] Although Plaintiff references many incidents arising on dates other than July 25, 2017, as explained above, the Court construes the operative complaint as limited to the events of July 25, 2017.

12

policy (regarding involuntary hospitalization of persons deemed emotionally disturbed) that is wholly unrelated to this suit (ECF 37).

Plaintiff has been warned in prior litigation against bombarding the Court with letters raising matters irrelevant to the litigation. *See Komatsu*, 18-CV-03698 (LGS) (GWG) (ECF 583). Plaintiff cannot add additional unrelated claims to this suit by raising such matters in letters to the Court. Having concluded that this suit is subject to dismissal, the Court also declines to address the unrelated matters raised in Plaintiff's letters (ECF 34-37.) The Court further notes that Plaintiff's letters (ECF 35-36) violate the repeated warnings that he has received to desist making personal attacks and using inappropriate and harassing language. *See, e.g.*, *Komatsu*, No. 1:20-CV-07046,183 ("Komatsu is instructed to immediately cease making personal attacks . . ., whether against the Court, other judges, or other parties or counsel in this case," detailing his "insulting language toward other judges in this district").

## CONCLUSION

Plaintiff's motion seeking my recusal from this action (ECF 33) is denied. Plaintiff's amended complaint (ECF 31), filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), which is limited to the claims arising on July 25, 2017, is dismissed because the claims (1) are within the scope of the December 20, 2020 prefiling injunction in *Komatsu*, ECF 1:20-CV-07046 (ER) (ECF 45) and are therefore unauthorized; (2) are based on allegations that fail to comply with Rule 8 of the Federal Rules of Civil Procedure; and (3) are time-barred and ineligible for tolling.

This action is closed. The Clerk of Court will accept for filing in this action only documents that are directed to the United States Court of Appeals for the Second Circuit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this matter.

SO ORDERED.

Dated: January 3, 2023
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge